# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MEREDITH LARSON, ADRIANA PORTILLO-BARTOW, PAUL JOSLIN, THOMAS HENEHAN, LISEL HOLDENRIED, PATRICIA KERNDT, and KIMI OKADA, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 02-01937-PLF |
| v. | ) ) | |
| DEPARTMENT OF STATE, CENTRAL INTELLIGENCE AGENCY, NATIONAL SECURITY AGENCY, DEFENSE INTELLIGENCE AGENCY, and NATIONAL TRANSPORTATION SAFETY BOARD, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**Declaration of Melba D. Moye**

I, Melba D. Moye, declare as follows:

1. I am the Chief of the Public Inquiries/Freedom of Information Act (FOIA) Branch, Office of Research and Engineering, National Transportation Safety Board (NTSB). In my capacity as Chief of Public Inquiries/FOIA Branch, I serve also as the Records Management Officer and the FOIA Officer of the NTSB.

2. <u>NTSB FOIA Procedures</u>: As the Records Management and FOIA Officer, I am familiar with the types of records maintained by the NTSB as an agency. I am also familiar with the types of records maintained by different offices of the NTSB, such as the Office of Aviation Safety. In my role as FOIA Officer, I supervise the FOIA program of the NTSB. Among my

responsibilities as the FOIA Officer is ensuring that, in response to a FOIA request, the appropriate personnel of the agency conduct a search for documents responsive to the request. When documents in the custody and control of the NTSB and responsive to a request are identified, they are gathered and forwarded to the Public Inquiries/FOIA Branch. It is my responsibility, taking into consideration applicable exemptions to the FOIA, to determine which responsive documents, in whole or in part, may be released to the FOIA requester. In making this determination, I consult, as appropriate and as necessary, with subject matter experts and other personnel within the NTSB to ensure that disclosures comply with the FOIA. Upon making a determination that all or portions of responsive documents may be released under the FOIA, I communicate in writing with a requester concerning my determination and arrange for the requester to receive releasable documents in accordance with Board practice. Where responsive documents are withheld, in whole or part, I explain, in my written response to a requester, his or her right to appeal my determination to the Managing Director of the NTSB. In a case in which no documents responsive to a request are discovered, I inform the requester, in writing, that no responsive documents were discovered and that he or she may appeal this determination to the Managing Director of the NTSB should he or she decide that the NTSB's no records response is an adverse determination concerning his or her request.

 3. <u>NTSB Activity and Records</u>: The NTSB is an independent Federal agency with a focused mission. Congress tasks the NTSB with the investigation of every civil aviation accident in the United States and significant accidents in other modes of transportation, which include railroad, highway, marine and pipeline. The NTSB is also responsible for issuing safety recommendations intended, in the Board's judgment, to increase safety in transportation and/or prevent future accidents. Occasionally, pursuant to a request from a foreign government or the

governmental organization that is responsible for aviation safety in a foreign country, where appropriate, the NTSB may render assistance to a foreign government and the appropriate foreign governmental investigative organization in the investigation of an aviation accident occurring in the foreign nation. The NTSB has no regulatory power or enforcement responsibility over any mode of transportation, domestic or foreign. Neither does the NTSB have regulatory power or enforcement responsibility with regard to the adoption, use and application of the safety recommendations of the Board. Given the focused mission of the NTSB, its records largely consist of accident investigation files and investigation related files. With regard to accident investigations and accident investigation related material, the NTSB has four sets of agency records, which are:

    a. <u>NTSB Public Dockets</u>: The primary records of accident investigations conducted by the NTSB are found within the Public Dockets of the NTSB. The public docket of an accident contains the board's factual report and related material, which document the NTSB's investigative efforts pertaining to a particular accident. The NTSB maintains an electronic index that lists the public dockets of investigations previously conducted by the NTSB. This index may be searched by accident date, location of the accident and an accident specific, unique number. The contents of the reports and other material contained in the public dockets themselves may not be searched electronically for individual words or terms.

    b. <u>Accident Briefs/Summaries</u>: Certain summary information concerning accidents investigated by the NTSB is maintained in a computerized database which may be searched by particular topics or categories of information and by individual words and terms within those topics or categories. The topics and categories that may be searched via computer in order to identify particular accidents investigated by the NTSB include: Date of Accident (a

specific date of the accident or a date range), Location of Accident (including city and state within the United States and foreign country), Accident Aircraft Category (such as helicopter, airplane, blimp); Accident Aircraft Make (such as Cessna, Piper), Accident Aircraft Model, Aircraft Registration, Type of Operation (such as commercial or general aviation [non-commercial]), Accident Airline Name (if applicable), and NTSB Accident Number. While the search capability permits queries concerning the pilot of an accident aircraft, the queries are limited to generic information such as: age, hours of flight time, or qualification for instrument flying. Information contained in the summaries/accident briefs does not extend to the names or other personally identifying information concerning the accident pilot. As a result, it is not possible to search this database and identify an accident investigation by the name or other personal identifier of an accident pilot. In addition, there is also rather limited information available about passengers on accident aircraft. Information concerning passengers on an accident aircraft, where such information exists, typically extends only to the number of passengers and the occurrence of injury or fatal injury. As in the case of pilots, the names and other personal identifying information of passengers of accident aircraft are not retained in this database; therefore, the NTSB cannot search the database and identify accidents by the names or other personal identification of passengers on an accident aircraft.

    c. <u>Paper Copies of NTSB Accident Investigation Files</u>: In certain instances, at the conclusion of the investigation of an aviation accident, paper copies of documents collected during the investigation are maintained by the NTSB in an investigative file. The documents contained in these accident investigation files, while pertaining to a particular investigation, are typically not those that were included in the public docket of an investigation. Neither do these investigative files contain reports of the NTSB that are otherwise made available to the public

under NTSB rules. While investigators are not required to maintain investigative documents not included in a public docket or incorporated into a report of the Board, occasionally a file will be maintained in an instance where the Board assisted in an investigation but did not, by virtue of circumstances, open a public docket or complete a report. In the instance of the NTSB's participation in foreign aviation accident investigations concerning accidents in another country, the responsibility for determining cause and completing a report lies with the foreign government, not the NTSB. Thus, for foreign accident investigations, the NTSB will occasionally have only an investigative file, with paper copies of documents, pertaining to a foreign accident investigation. These accident investigation files are indexed by the country in which the accident occurred and, within the files on investigations from a particular country, are maintained in chronological order.

    d. <u>Safety Recommendation Files</u>: With its investigation of aviation accidents, the NTSB, in conjunction with its determination of the probable cause of the accidents, develops recommendations intended to address perceived safety issues. These recommendations are contained in a database. Included in the database for particular safety recommendations are, with regard to the accident from which the recommendation arose, the date of the accident, location of the accident (including city and state if in the United States, or foreign country, as appropriate), and type of aircraft involved and airline involved (if appropriate). The database does not contain names or personal identifying information concerning accident pilots or passengers on the accident aircraft.

    4. <u>Plaintiff's FOIA Request</u>:

    a. <u>Administrative Action</u>: Ms. Tania Rose, an attorney in Berkley, CA, stating that she was acting on behalf of Patricia Ahern, filed a FOIA request with the NTSB in a letter

5

dated May 30, 2002. The NTSB received the request on June 3, 2002. The NTSB, in all communications concerning this FOIA request have treated Ms. Rose as the requester and have communicated only with her. In a letter dated June 13, 2002, Ms. Joy White, a FOIA Specialist in my office, notified Ms. Rose that the NTSB had received the FOIA request. Ms. White's letter also informed Ms. Rose of the NTSB FOIA number given to this request, which number was 200200238. Subsequently, the FOIA office notified personnel in those NTSB offices in which records responsive to the request would be located of the existence of the request. Informing the concerned NTSB offices of the specifics of Ms. Rose's FOIA request, the FOIA office also requested that a search be conducted for any records responsive to the request.

b. Records Requested: With regard to a reported crash of a Cessna, Model 185, near Quiche, Guatemala in 1976, the FOIA request from Ms. Rose sought records of any NTSB or Guatemalan government agency investigation of the crash and any communication between the NTSB and any Guatemalan agency concerning the crash. The request went on to name Father William Woods as the pilot and Ann Kerndt as a passenger on the accident aircraft referred to above. As an additional matter, the request sought records containing the name of Dr. Mike Okada.

c. Search: NTSB offices conducting the search for records responsive to the FOIA request of Ms. Rose included the Public Inquiries Branch of the Office of Research and Engineering, the Office of Aviation Safety, and the Office of Safety Recommendations and Accomplishments. These offices maintain and have control and access to the four sets of records I identified previously in this declaration. The Public Inquiries Branch searched those records involving the public dockets of the NTSB and the accident briefs and summaries. The NTSB Office of Aviation Safety searched the paper copies of NTSB aviation accident investigation

6

files, including those files containing copies of investigative material from foreign aviation accidents. Finally, the NTSB Office of Safety Recommendations and Accomplishments searched the database of safety recommendations for responsive records.

    d. <u>Results of Search</u>: The Public Inquiries Branch found no responsive records regarding an NTSB investigation of the aircraft accident identified in the FOIA request in the NTSB public dockets or accident briefs and summaries of aviation accident investigations. The Public Inquiries branch also found no responsive records concerning a Guatemalan investigation of the aircraft accident identified in the FOIA request. The NTSB Office of Safety Recommendations and Accomplishments in the search of its database of safety recommendations found no records responsive to the FOIA request. Finally, the NTSB Office of Aviation Safety Investigation, in two separate searches of the paper copies of investigative files concerning accident investigations in Guatemala and other countries in Central America, found no records responsive to the request. The search by the NTSB Office of Aviation Safety Investigation encompassed all of the investigative files on aviation accidents in Central America, without regard to date of the accident. Likewise, the searches conducted by the Public Inquiries Branch and the NTSB Office of Safety Recommendations and Accomplishments extended to all electronically indexed files available for search without regard to the date of accident.

    e. <u>Response to Original Request</u>: By letter dated November 26, 2002, I communicated to Ms. Rose, the FOIA requester in NTSB FOIA request No. 200200238, the results of NTSB's search for records responsive to her request. I identified the records systems of the agency wherein responsive records would most reasonably be located and informed the requester that no responsive records had been located. I further informed the requester that we had queried NTSB employees who had been employed by the agency for a lengthy period of

7

time who might possibly recall events or an accident investigation such as that identified in her FOIA request. The employees queried could not recall the accident described in the FOIA request or identify records that would be responsive to the FOIA request. I also informed the requester that the NTSB was unable to identify any records wherein Dr. Mike Okada was mentioned. Finally, I informed the requester of her right to appeal my determination that no responsive records had been identified. In a letter dated January 22, 2003, Ms. Rose filed an appeal of my no-records response. This appeal has not been processed further because the matter is, at present, in litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this ___14th___ day of ___April___, 2003.

_____
Melba D. Moye