**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MEREDITH LARSON, et al. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil Action No. 02-01937 (PLF) |
| | * | |
| DEPARTMENT OF STATE, et al. | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS DEPARTMENT OF STATE,
NATIONAL SECURITY AGENCY, AND DEFENSE INTELLIGENCE
AGENCY'S MOTION FOR SUMMARY JUDGMENT ON COUNTS 4, 17, & 18**

As clarified in the government's brief in support of its motion, the DOS, NSA, and DIA previously moved this court for partial summary judgment on various of plaintiffs' claims arising out of their FOIA requests seeking information about the death, torture, and violence against themselves or their loved ones in Guatemala in the 70's and 80's.

According to the government's brief, DOS, NSA, and DIA are now entitled to summary judgment because the agencies have conducted reasonable searches and any information withheld was done so properly. For the reasons that follow, the government is not entitled to an entry of summary judgment in its favor.

**ARGUMENT**

In their opposition to the government's original motion for summary judgment, plaintiffs set out a brief history of their own backgrounds as they relate to their interests in receipt of the documents sought by them. Plaintiffs also set forth a brief history of U.S.-Guatemala relations and the involvement of the U.S. government through various

agencies in the region.  Plaintiffs refer this court to section xxx of their brief, and incorporate it by reference to this brief.

### A. Summary Judgment On Count 4 Against Holdenried Is Not Appropriate

In its brief, the government argues that it is entitled to summary judgment on count 4 because it has established beyond a reasonable doubt that it has conducted a search reasonably calculated to uncover all relevant documents" (defendants' brief, sec. I, p. 10). The government is incorrect.

Either intentionally or inadvertently, the government failed to address the reasons that it failed to release either entire documents or parts of documents in September 1997. More specifically, plaintiff Holdenried filed a FOIA request in 1995 seeking documents related to death of her father, Frank Holdenried, in Livingston, Guatemala.  The government initially responded, and ultimately upheld on appeal, its decision to refuse to release parts of certain documents and entire documents that were deemed responsive to the request, on the basis that the documents were exempt from disclosure.  The government's brief fails to address these documents whatsoever, and therefore, plaintiff Holdenried has no basis upon which to argue their release before this court.  Summary judgment, therefore, is inappropriate against the government on count 4.

### B. Summary Judgment On Count 18 Against Henehan Is Not Appropriate

Count 18 of plaintiffs' complaint alleged that the NSA had improperly withheld certain documents from Henehan.  In its brief, the government claims that NSA referred several documents to other agencies for their review.  More specifically, the government claims that it referred five documents to the CIA, eight to DOD, one to USIA, and one to DOS.

The government correctly notes that it bears the burden of justifying its decision to withhold information (defendants' brief, p.13).  The government goes on to state that its obligation is discharged if supported by agency affidavits that describe the justifications for nondisclosure, in relevant part, with "reasonably specific detail" (Defendants' brief, p. 13).

However, Mr. Giles's declaration fails to describe the justifications for nondisclosure with any specific detail.  With the exception of his description of omitted e-mail routing information (Giles' supplemental declaration, par. 12), Giles gives no specific detail whatever regarding the basis for the agency's decision to withhold other than boilerplate language regarding NSA's broad immunity from production of documents.

Further, the Giles declaration states that parts of four documents were released with exemptions to plaintiff, and references Exhibit "A" (Giles supplemental decl., par. 4).  While there is no document referencing "Exhibit A", plaintiffs presume it refers to the letter from the NSA to Linette Tobin, dated 21 August 2003.  Plaintiffs never received these documents –Linette Tobin was not Henehan's attorney of record in August 2003—plaintiffs' current counsel was, a fact which should have been known by the NSA in view of the fact that plaintiffs filed their complaint, with current counsel's name on the caption, in September 2002**.**

The NSA should not be granted summary judgment on count 18, because it simply has not met its burden to show that there are no triable issues of material fact entitling it to judgment in its favor.  It is impossible to know the applicability of the exemptions claimed by the NSA based on the summary language and tenor of Giles's

declaration, his failure to explain what information was withheld (with the exception of the description of the email routing information), and because plaintiffs have yet to see the released documents with the exemptions. Plaintiffs encourage this court to, at the very least, hold an *ex parte in camera* review, as suggested by Giles (Giles supplemental decl., par. 17).

### C.  The DIA Is Not Entitled To Summary Judgment On Count 7

The DIA seeks summary judgment on the basis that it referred documents to the Department of the Army, the United States Coast Guard, and the Military Air Command (MAC), which in turn supposedly released all responsive documents not exempt from disclosure.

Plaintiffs do not challenge those portions of withheld documents that were produced to plaintiff Larson. However, as explained further below, DIA is not entitled to summary judgment because it failed to conduct a reasonable search for documents responsive to plaintiff Larson's request.

1.  **A Potentially Fundamentally Important Document Was Not Released To Plaintiff Larson But Was Declassified In 2001**

As argued in plaintiffs' opposition to defendants' original motion for summary judgment, filed September 10, 2003, the defendant agencies, including the DIA, failed to conduct adequate searches (Plaintiffs' brief filed in opposition to defendants' motion for summary judgment, p.45, Sec. IV, p.48, Sec. IV C, incorporated here by reference). Indeed, as evidenced in the declaration of Tania Rose filed in opposition to defendants' current motion, the National Security Archives posts a document, dated August '89 and identified as Document 33, Dated August 31, 1989 on its website. This document specifically mentions the Peace Brigades. More specifically, the document states:

4

(S/NF/WN/OC)[excision] stated that some recent acts of terrorism had been carried out by the Directorate of Intelligence (D-2). Special Operations Section was responsible for the grenade attacks against the Peace Brigades and GAM headquarters, both leftist activist organizations".

In view of the fact that plaintiff Larson's 1997 FOIA request to the DIA sought, inter alia, "All documents relating in whole or in part to the August 1989 bombing or grenade attack on Peace Brigade International…" (See exhibit 4 to the declaration of Leo Demiel filed in support of defendants' instant motion). This document plainly should have been produced to plaintiff Larson, and underscores the lack of adequate search conducted by the DIA.

It cannot be adequately stressed how important this document may be. The document directly links the Guatemalan Army with potential involvement with the bombing of Peace Brigades' offices in Guatemala, which preceded plaintiff's stabbing by only 3 and one-half months. The fact that plaintiff did not receive this document directly from DIA is egregious and requires her to undertake further legal action to put any purported exemptions at issue.

Because the DIA failed to produce the document and explain any withholdings it might have made, plaintiff is unable to respond. Plaintiff urges this court to order DIA to produce the document in its entirety without excisions.

## CONCLUSION

For the foregoing reasons, plaintiffs request that this court deny summary judgment to the government.

Dated: July 2, 2004

        Respectfully submitted,

        /s/

        _____
        Tania Rose, Esq. (*Pro Hac Vice Counsel*)
        California State Bar #151514
        2527 College Avenue
        Berkeley, California  94704
        (510) 839-1900

        Mark S. Zaid, Esq. (*Local Counsel*)
        D.C. Bar #440532
        Krieger & Zaid, PLLC
        1747 Pennsylvania Avenue N.W.
        Suite 300
        Washington, D.C. 20006
        (202) 454-2809

        Counsels for Plaintiffs